```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
TERRELLE NELSON,                    :
                                    :
          Petitioner,               :   Civ. No. 17-5083 (NLH)
                                    :
     v.                             :   OPINION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
          Respondent.               :
_____ :
```

APPEARANCES:

Terrelle Nelson, No. 70270-050
FCI Fairton
P.O. Box 2000
Fairton, NJ 08320

    Petitioner pro se

Jacqueline Carle, Esq.
Office of the U.S. Attorney
401 Market Street
Camden, NJ 08101

    Counsel for Respondent

HILLMAN, District Judge

The Court dismissed Petitioner Terrelle Nelson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on September 6, 2019. ECF No. 22. He now moves for reconsideration of that order under Federal Rule of Civil Procedure 60(b)(3). ECF No. 28.[1] For the reasons that follow, the Court will deny the motion.

---

[1] Petitioner filed a motion under Rule 60(b)(6) on May 11, 2020, ECF No. 27, but his more recent motion under Rule 60(b)(3) asked

1

I.     BACKGROUND

On February 10, 2017, Terrelle Nelson pled guilty to count two of a superseding indictment that charged him with being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1).  United States v. Nelson, 16-cr-397 (D.N.J.) (ECF Nos. 31 (indictment), 36 (change of plea minute entry), 37 (plea agreement), 38 (application to enter plea of guilty)).  As stated in the Court's decision denying Petitioner's § 2255 motion:

> The plea agreement contained certain stipulations regarding Petitioner's prior conduct.  Specifically, the agreement stipulated that the base offense level would be a 24 because Petitioner committed the instant offense subsequent to sustaining at least two felony convictions for a crime of violence or a controlled substance offense, including four (4) convictions for possession with intent to distribute a controlled dangerous substance pursuant to N.J.S.A. 2C:35-5.  In addition, the agreement stipulated that special offense characteristic 2K2.1(b)(6)(B) applies to Petitioner because he used or possessed a firearm or ammunition in connection with another felony offense, distribution of a controlled dangerous substance on June 17, 2016, the other count contained in the Superseding Indictment.  Given the stipulations, the agreement provides that Petitioner's adjusted offense level is a 28.

ECF No. 21 at 2-3 (internal citations omitted).

The Court sentenced Petitioner to 84 months imprisonment, three years of supervised release with the special conditions of alcohol and drug testing and treatment, life skills and

---

the Court to "cancel the old one and to amend a new one!"  ECF No. 28 at 1.  At Petitioner's request, the Court will dismiss the first motion and rule on the second one.

education, and support of dependents.  Petitioner did not file a notice of appeal.  See ECF No. 4.

Petitioner filed his § 2255 motion on July 12, 2017 and supplemented it on August 7, 2017.  ECF Nos. 1 & 4.  The Court denied the motion on September 6, 2019.  ECF No. 22.  Petitioner appealed to the United States Court of Appeals for the Third Circuit.  ECF No. 23.  The Third Circuit denied a certificate of appealability on January 21, 2020.  ECF No. 26.

Petitioner filed a motion for reconsideration under Rule 60(b)(3) because "the judgment was obtained through fraud."  ECF No. 28 at 1.  He states the indictment failed to allege the elements of the offense, specifically that Petitioner had prior convictions punishable by more than a year imprisonment and that the firearm affected interstate commerce.  Id. at 3.  He argues the United States obtained the judgment through fraud because it "mislead the Court and a grand jury to believe that Movant's prior state convictions had standard sentencing ranges punishable by imprisonment terms exceeding one year" and that the firearm impacted interstate commerce.  Id. (emphasis omitted).  He assets he was "tricked into pleading guilty . . . ."  Id.  The United States did not file opposition to the motions.

3

II.  STANDARD OF REVIEW

A Rule 60(b) motion is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981).  Rule 60(b) "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" Moolenaar v. Gov. of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987).

To prevail under Rule 60(b)(3) "the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983).  "The standard is an exacting one, and it requires a movant to prove fraud by clear and convincing evidence."  Shelton v. FCS Capital LLC, No. 2:18-cv-03723, 2020 U.S. Dist. LEXIS 105730, at *7 (E.D. Pa. June 17, 2020).

III. DISCUSSION

The Court must first consider whether this motion is properly brought under Rule 60(b) or whether it is a second or successive § 2255 petition.  "AEDPA's restrictions on the filing of second or successive habeas petitions make it implausible to believe that Congress wanted Rule 60(b) to operate under full throttle in the habeas context." Rodwell v. Pepe, 324 F.3d 66, 67 (1st Cir. 2003); accord Pridgen v. Shannon, 380 F.3d 721, 727

4

(3d Cir. 2004). "[I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits." Pridgen, 380 F.3d at 727. "However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." Id.

Petitioner's arguments attack the validity of his indictment and plea agreement, not the manner in which the earlier habeas judgment was procured. Petitioner attempts to get around the limitation on Rule 60 motions by asserting "the reasons articulated by the prosecutor as a basis for moving the Court to dismiss Movant's § 2255, were in fact based on a misrepresentation of the facts and circumstances surrounding Movant's conviction and guilty plea . . . ." ECF No. 28 at 9. "Movant Nelson asserts that he does in fact present a bona fide motion for reconsideration because he is actually innocent of the 922(g)(1) offense to which defence [sic] Counsel had rendered assistance, and, that the Judgment was obtained through fraud, misrepresentation, and other misconduct not discoverable by due diligence before or during the proceedings." Id. at 7.

The purported "fraud" was the charge in the Superseding Indictment that alleged that Petitioner had qualifying prior

5

convictions under § 922(g) and that the firearm affected interstate commerce. In other words, Petitioner argues the United States committed fraud during the § 2255 proceedings by arguing the indictment and guilty plea were valid. Petitioner's maneuverings do not change the fact that Petitioner is really challenging the validity of the plea and indictment, not the § 2255 proceedings. Any disagreements with the Court's decision should have been raised in Petitioner's appeal to the Third Circuit.

Supporting the Court's conclusion that the motion is in reality an unauthorized second or successive § 2255 motion is the fact that § 2255(h) specifically states that "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" is a basis for filing a second or successive motion. 28 U.S.C. § 2255(h)(1).[2] The Court

---

[2] Although newly discovered evidence can warrant relief from judgment under Rule 60(b)(2), the Federal Rules of Civil Procedure only apply in § 2255 proceedings "to the extent that they are not inconsistent with any statutory provisions or these rules . . . ." 28 U.S.C. § 2255 Rule 12. Rule 60(b)(2) does not apply in Petitioner's case because it conflicts with the statutory provisions of § 2255(h). See Balter v. United States, No. 93-cr-536, 2019 WL 959694, at *3 (D.N.J. Feb. 27, 2019) ("Congress provided that any newly discovered evidence, . . . which by definition was not available to petitioner when the first § 2255 petition was adjudicated, may form the basis of a

6

declines to transfer this argument to the Third Circuit for consideration under 28 U.S.C. § 2244(b) as Petitioner has not provided the Court with the "newly discovered evidence" proving that the firearm was manufactured and sold in New Jersey, and therefore did not affect interstate commerce.[3]

The sole procedural challenge raised by Petitioner is his argument that the Court erred in dismissing as moot his attempt to amend the § 2255 motion.  The Court did not dismiss any substantive claim as moot.  In his reply papers, Petitioner cited Mathis v. United States, 136 S. Ct. 2243 (2016), and argued that "the petitioner's sentence should not have been enhanced under U.S.S.G. § 2K2.1, and his prior drug charges should not have been broken-up into separate convictions which were premised upon getting and or seeking a substantially longer sentence than what he could legally have obtained but for the sentencing factor manipulation."  ECF No. 13.  He thereafter filed a "motion to amend and supplement the record" asking the Court to consider the argument because "his amendment relates back to his original pleading/petition, because it only expands on and further clarifies the fact that he was erroneously

---

second petition provided it passes the screening of § 2255(h)(1) as determined by the Court of Appeals.").

[3] Nothing in this Opinion prevents Petitioner from asking the Third Circuit for permission to file a second or successive motion on his own if he chooses.

enhanced based upon previous conduct that can no longer be used against him due a substantive change in the law made retroactive on collateral review."  ECF No. 14 at 2.

The Court noted that "Petitioner was authorized by the Court's Order to Answer to file this reply and as such, no motion was necessary."  ECF No. 21 at 1 n.1.  The motion to amend was terminated for docket management purposes, but the argument was considered and found to be without merit by the Court.  Id. at 23-24.  The Third Circuit concluded that "[t]o the extent that Appellant argues in his request for a certificate of appealability that the District Court failed to consider his claim that he is 'factually innocent' of violating 18 U.S.C. § 922(g) because he never served a term of imprisonment exceeding one year, he has failed to make 'a substantial showing of the denial of a constitutional right.'" Nelson v. United States, No. 19-3270 (3d Cir. Jan. 9, 2020) (quoting 28 U.S.C. § 2253(c)(2)).  Therefore, Petitioner has not shown relief under Rule 60(b)(3) is warranted.

VI.   CONCLUSION

Petitioner has failed to meet the requirements of Rule 60(b); therefore, the Court will deny the motion.  An appropriate order will follow.

Dated: October 14, 2020           __s/ Noel L. Hillman_____
At Camden, New Jersey             NOEL L. HILLMAN
                                  United States District Judge

8